[No. 2455]

# WASHOE COUNTY BAR ASSOCIATION, COMPLAIN-ANT, *v.* ROBERT SCOULAR, DEFENDANT.

[190 Pac. 899]

1. ATTORNEY AND CLIENT—DISBARMENT PROCEEDING NOT A CIVIL ACTION, AND FINDINGS UNNECESSARY.

The legislature has conferred on the supreme court the sole power to find accused guilty or not guilty in a proceeding to remove or suspend an attorney, and the proceeding is not a civil action, but one peculiar to itself, and, as the statutes do not mention findings, they need not be made, since the judgment speaks all that is necessary.

2. ATTORNEY AND CLIENT—EVIDENCE OF SUBORNATION OF PERJURY HELD INSUFFICIENT TO WARRANT DISBARMENT.

In a disbarment proceeding, evidence of defendant's client, who had pleaded guilty to perjury in his divorce action, to the effect that the defendant had suborned and procured him to commit perjury, *held* insufficient as against the defendant's denial to warrant disbarment.

3. ATTORNEY AND CLIENT — MISREPRESENTATION OF IMMATERIAL MATTER TO PROCURE ORDER IS MISCONDUCT WARRANTING SUSPENSION.

An attorney's misrepresentation to the court of the date when certain papers were actually signed, deliberately intended to produce a false impression, and thereby obtain an order for publication of summons, was misconduct in office warranting suspension from practice, even conceding that the misrepresentation did not result in harm to the litigants, and was of an immaterial matter.

ORIGINAL PROCEEDING by the Washoe County Bar Association against Robert Scoular, for disbarment. **Defendant suspended from the right to practice law for six months.**

*George Springmeyer* and *Benj. J. Henley,* for Complainant.

*J. M. Frame,* for Defendant.

By the Court, SANDERS, J.:

The Washoe County Bar Association, through two of its duly delegated members, presented to this court two accusations, in the form of an ordinary complaint in a civil action, charging Robert Scoular, a member of

the bar of Washoe County, and duly licensed to practice in the courts of this state, with unprofessional conduct in his office as an attorney, and asking that he be forever deprived of the right to practice as an attorney in the courts of this state.

The court, being of the opinion that the charges were such as required it, made an order citing the accused to appear and answer. At the time appointed in the order, the accused, without objection to the form or sufficiency of the accusations, answered by denying the truth of the same. The court, without ordering a reference to a committee to take depositions in the matter and report, at the time appointed in the order proceeded to try the truth of the accusations.

1. As the procedure prescribed by the statute in such cases makes no mention of findings, it might be said that there is no reason for the practice heretofore followed—of filing an opinion setting forth the facts and conclusions of the court upon the trial of the truth of the charges. No good can result from collating the testimony of the witnesses or reviewing the evidence. The judgment speaks all that is necessary. The legislature has conferred upon this court the sole power and authority, where proceedings are instituted to remove or suspend an attorney, to find the accused guilty or not guilty. It is not a civil action. The procedure is peculiar to itself, and is clearly outlined by the statute.

2. Upon conviction of the accused, the statute prescribes the judgment that must be pronounced. In this case, admitting the respect due to the views of the Washoe County Bar Association, we are not satisfied with the guilt of the accused as to the particular accusation, charging him, in substance, with being guilty of having suborned or procured his client, one Frank Rhoden, to commit perjury by making oath to the truth of facts stated in an affidavit prepared by the accused for an order of summons by publication in a divorce action instituted by the said Rhoden against his then

nonresident wife, Elizabeth Rhoden, in the district court of Washoe County, and charging the accused with thereafter having suborned or procured said Rhoden to commit perjury in the trial of the case. True, the evidence of Rhoden supports the charges, but it is in direct conflict with that of the accused, and is impaired by reason of the fact that Rhoden is a convicted felon, upon his plea of guilty to a charge of perjury in the district court of Washoe County, growing out of his divorce action.

3.   The other accusations presented, when analyzed, seem to consist of three charges of misconduct in office on the part of Scoular as an attorney, but so stated as really to amount to but one accusation, namely, that said Robert Scoular, on the 18th day of November, 1919, holding a commission as notary public, and as attorney for plaintiff in the divorce action entitled George W. Davis v. Ethel M. Davis, presented to the judge presiding in department No. 1 of the district court of Washoe County a duly verified complaint, and together therewith an affidavit of plaintiff, with the filing marks thereon, and requested the judge, upon due consideration of the matters stated therein, to make an order in the cause for summons by publication, and that in the course of the proceeding the accused stated to the presiding judge, in answer to a query propounded by the judge as to when the papers had been actually subscribed by the plaintiff and affiant, that the papers had been signed on the day previous, to wit, November 17, 1919, when in fact and in truth Scoular then and there well knew that the papers had been signed on the 11th day of November, 1919, and that on the 17th day of November, 1919, his client, the affiant, was then and there without the State of Nevada. It is charged that the statement was made for the purpose of deceiving the judge into making the said order.

Conceding for the purpose of this proceeding that the date inserted in the jurat was immaterial to the validity of the verification, or that the time when the papers

were actually signed was unimportant if the affidavit was otherwise sufficient, and that no injury could have resulted from inserting the wrong date in the jurat to either paper, nevertheless the fact remains that the misrepresentation as to when the papers were actually signed was deliberately intended by Scoular to produce a false impression upon the court or judge, and thereby obtain the order for publication of summons. Such action on the part of an attorney is misconduct in office, which cannot be tolerated, countenanced, or passed unnoticed.

However, we are of the opinion that the offense, under the particular and attending circumstances, is not of such gravity as to warrant us in depriving the accused permanently of his right to practice his profession. We, therefore, in the exercise of the authority vested in us by the statute, order that Robert Scoular, the accused, be, and he is hereby, deprived of his right to practice law in the courts of this state for a period of six months from the date hereof.

The present proceeding and the judgment of conviction will have served a useful purpose if they shall, in some measure at least, tend to uphold the integrity and dignity of our courts.